UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOEY STRAUSS, *et al.*

    *Plaintiffs,*

v.

THE ISLAMIC REPUBLIC OF IRAN,

    *Defendants.*

Case No. 22-cv-00052-RCL

## ORDER

This case arises from four terrorist attacks in Iraq, each involving the same kind of weapon: an explosively formed penetrator ("EFP"). In two of these attacks, plaintiffs argued that individuals were killed and provided the Court with evidence of deaths. In the two other attacks, plaintiffs argued that individuals were merely injured, and therefore did not provide the Court with evidence of deaths. After plaintiffs moved for a default judgment, ECF No. 21, the D.C. Circuit issued an opinion in *Borochov v. Islamic Republic of Iran*, 22-7058, 2024 WL 995897 (D.C. Cir. Mar. 8, 2024). That opinion made clear that the Court's jurisdiction here is limited to EFP attacks in which someone was actually killed. *Id.* Accordingly, the Court dismissed without prejudice plaintiffs' claims stemming from the two attacks where they provided no evidence of death. ECF No. 23.

Plaintiffs have now filed a motion for relief from this Court's dismissal order pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 24. Plaintiffs argue that plaintiffs in another case, *Roberts v. Islamic Republic of Iran*, No. 20-cv-1227 are "actively working with the appointed Special Master to present evidence regarding deaths related to a variety of attacks" including the attack that injured a sibling of a plaintiff dismissed in this case. *Id.* Plaintiffs further argue that the *Roberts* plaintiffs anticipate relying on eyewitness accounts of two individuals who may have witnessed civilians perish in that attack. *Id.* But the *Roberts* plaintiffs are not the *Strauss* plaintiffs.

1

The *Strauss* plaintiffs' Amended Complaint, ECF No. 20, and Motion for Default Judgment, ECF No. 21, is devoid of any evidence of death in the attacks from which the dismissed plaintiffs' claims arose. As a result, the Court properly dismissed those claims. Plaintiffs' argument that the Court should "revise" or "reconsider" that ruling based on what *other plaintiffs* in some *other case* may—at some time in the future—present to a special master is wholly unpersuasive. When this Court dismisses claims, it does so based on the evidence and arguments in front of it. Moreover, this Court dismissed plaintiffs' claims without prejudice. *See* ECF No. 23. Thus, if plaintiffs believe that there now exists new evidence that would permit this Court to assume jurisdiction over the dismissed plaintiffs' claims, then plaintiffs should refile their Complaint and Motion for Default Judgment with that critical information.

For the reasons set forth above, plaintiffs' motion [24] for relief from this Court's dismissal order is **DENIED**.

**IT IS SO ORDERED.**

Date: May 21, 2024

Royce C. Lamberth
United States District Judge