UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOEY STRAUSS, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>ISLAMIC REPUBLIC OF IRAN, *et al.* )<br>)<br>)<br>Defendants. )<br>) | Case No. 1:22-cv-52 (RCL) |

## ORDER OF REFERENCE

Pursuant to its authority to appoint special masters "to hear damage claims brought under" 28 U.S.C. § 1605A and Federal Rule of Civil Procedure 53, the Court today appoints Alan L. Balaran as special master to take evidence and file a report and recommendation regarding the measure of individual damages for which defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security are liable.

On July 2, 2010, the Court adopted an Administrative Plan Governing Special Masters. *See O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29, attached to this Order as Exhibit A. In accordance with Rule 53, the Plan sets forth potential masters' qualifications, duties, powers, compensation method, and method of appointment. According to the Plan, in appointing a master the Court must examine the potential master's *curriculum vitae* as well as an affidavit indicating that the Special Master has read and will abide by the Plan if appointed. *Id.* at 2. Rule 53 additionally requires that a potential master "file[] an affidavit disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A). The Special Master has supplied both an affidavit asserting his impartiality and affirming that he has

read and will abide by the Administrative Plan, attached to this Order as Exhibit B, as well as his *curriculum vitae*, attached to this Order as Exhibit C. The Court finds both submissions satisfactory and fully compliant with the mandates of the Administrative Plan and Rule 53.

This action includes over 50 parties, both alive and deceased, located throughout the country, and claims involving the Foreign Sovereign Immunities Act, the amount of potential damages sought, differing state laws governing the prosecution of wrongful death claims, voluminous medical records and expert testimony. The claims in these cases can be as complex as they are extensive. The Court has found the appointment of a Special Master necessary to resolve the numerous issues implicated in these cases as conserving judicial resources and aid in the efficient resolution of any disputes.

This Order of Reference is made pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the court. As Rule 53 requires, the court sets out below the duties and terms of the special master appointment.

1.  The Special Master shall have the rights, powers, and duties set forth in Rule 53. He may adopt procedures that are consistent with Rule 53 and the obligations imposed by the Administrative Plan Governing Special Masters adopted in *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29. He may take all appropriate measures to fairly and efficiently perform the assigned duties.

2.  In addition to satisfying the obligations imposed by the Administrative Plan, Mr. Balaran shall (1) take evidence and report on each plaintiff's qualification for relief under Section 1605A(c); and (2) take and report evidence demonstrating the state that governs the survival of those plaintiffs' claims who are deceased and alleging claims for damages suffered during life. The Court shall dismiss those claims for which the relevant state laws do not permit survival.

3. In accordance with Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, in order to "assist the Court with legal analysis of the parties' submissions." The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the underlying case, and other appropriate procedural matters.

4. The Special Master may communicate *ex parte* with any party or his or her attorney, as the Special Master deems appropriate, to ensure the efficient administration and management of this Order of Reference, including the making of informal suggestions to the parties to facilitate compliance with Orders of the Court. Such *ex parte* communications will be limited to discovery or other procedural issues and shall not address the merits of any substantive issue.

5. Pursuant to Rule 53(g)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 14 calendar days of the date it was electronically filed. Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings, reports, or recommendations. Absent timely objection, the Special Master's findings, reports, and recommendations shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

6. As provided in Rules 53(g)(4) and (5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master. The Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall "retain sole authority to issue final rulings on matters formally submitted for adjudication," subject to waiver of objection to written orders or recommendations as noted above. To the extent

the Special Master enters a finding, report, or recommendation regarding an issue of fact, the Court shall review such issue *de novo*, if any party timely objects pursuant to the Rules and within the 14 calendar day time period set forth herein; see Rule 53(g)(3). Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings of fact.

7.  The Special Master shall have the full cooperation of the parties and their counsel. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order of Reference.

8.  Pursuant to Rule 53(c), the Special Master may, if appropriate, recommend that the Court "impose upon a party any non-contempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." Recommendations for non-contempt sanctions will be reviewed for abuse of discretion only. Recommendations for contempt sanctions will be reviewed *de novo*, following a full hearing on the matter.

9.  In accordance with Rule 53(b)(2), the special master shall "proceed with all reasonable diligence."

Date:  *13* March, 2025

                                                                                            Royce C. Lamberth
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY PAUL O'BRIEN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 06-cv-690 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, | ) |
| Defendant. | ) |

## ADMINISTRATIVE PLAN GOVERNING SPECIAL MASTERS

"The courts of the United States may appoint special masters to hear damage claims brought under" the terrorism exception to the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605A(e)(1). Federal Rule of Civil Procedure 53 permits the appointment of special masters to, *inter alia,* "resolve a difficult computation of damages." FED. R. CIV. P. 53(a)(l)(B)(ii). The appointment of special masters in this case will not impose undue expenses on any party and will not result in any unreasonable expenses or delay. *See* FED. R. CIV. P. 53(a)(3). To the contrary, the use of use of special masters will assist the Court in the efficient resolution of claims in this action. Accordingly, the following administrative plan shall govern the appointment of and all proceedings by all special masters in this action.

**I.   Qualifications.**

Each person appointed as a special master of this court under this plan shall e a member of the bar of the highest court of a state of the United States or the District of Columbia; shall have not less than five years experience as a practicing attorney or as a judge of a court of any state of the United States, the District of Columbia, or the United States; shall not be related to

any party or counsel appearing in this action; and shall not have any financial or other interest which would create a conflict of interest. *See* FED. R. CIv. P. 53(a)(2).

**II.     Appointments.**

For each person plaintiff seeks to be appointed as a special master, plaintiffs shall file the curriculum vitae of such person, an affidavit by such person attesting that such person has read and will abide by this plan, and an affidavit by such person disclosing whether there is any ground for such person's disqualification to be a special master. *See* FED. R. CIV. P. 53(a)(2), (b)(3)(A).

**III.    Authority.**

Special masters shall consider all issues related to compensatory damages as to each claim made by plaintiffs. To do so, special masters shall have authority to exercise all powers set forth in Rule 5 (c), including but not limited to the power to compel, take, and record evidence and to administer oaths. *See* FED. R. CIv. P. 53(c)(l). Testimony taken must be recorded either in a transcript or by electronic means, with all parties clearly identified. All evidence taken or recorded shall be turned over to counsel for plaintiffs who shall preserve it for use by the Court.

As to the admissibility of evidence, such masters shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901. Authentication as required by Rule 901 shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what such counsel proffers it to be. As to the evaluation of damages claims, special masters shall be guided by the Court's previous opinions in *Valore v. Islamic Republic of Iran*, Nos. 03-cv-1959, et al., 2010 WL 1244552 (D.D.C. Mar. 31 2010) and cases cited therein.

### IV. Reports.

Special masters shall submit reports to the Court containing findings of fact and conclusions of law regarding compensatory damages for claims referred to such masters. Each report shall contain an evaluation of each item of damages.

### V. Compensation.

For each day during which a special master works for an amount of time greater than zero but less than or equal to four hours, such master shall be paid $600.00. For each day during which a special master works for an amount of time greater than four hours, such master shall be paid $1,200.00. Each special master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incu ed. In addition, each special master shall be paid for such master's transportation expenses incuned on any day of work; payment for such transportation expenses shall be unlimited. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

The Foreign Sovereign Immunities Act provides that special masters appointed to hear damages claims brought under the terrorism exception to the general mle of foreign sovereign immunity shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2); *see In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (2009) ("[T]he new terrorism exception now provides that special masters should be reimbursed for their work from the Attorney General's Victims of Crime Fund."). Within two weeks of the entry of any damages award in this case, special

3

masters seeking payment shall provide plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expenses incurred. Such vouchers should also include a calculation of total payment sought. Within two weeks of receiving any such voucher, plaintiffs shall file a motion with the Court seeking the Court's order that Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice. Plaintiffs shall append any such vouchers to any such motions.

Amounts paid from the Victims of Crime Fund shall be reimbursed to the Fund from any amounts received in satisfaction, partial or otherwise, of any judgment entered on behalf of plaintiffs.. Upon application by plaintiffs, all such reimbursements shall be taxed upon the. defendant or defendants against which judgment is rendered.

SO ORDERED.

Signed by Chief Judge Royce C. Lamberth on July 2, 2010.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEY STRAUSS, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>ISLAMIC REPUBLIC OF IRAN, *et al.* )<br>)<br>)<br>Defendants. )<br>) | Case No. 1:22-cv-52 (RCL) |

## DECLARATION OF ALAN L. BALARAN, ESQ.

I, Alan L. Balaran, swear and affirm as follows:

1. I do not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455.

2. I understand that I must proceed with all reasonable diligence and that my duties, as special master, are limited to my authority under Federal Rule of Civil Procedure 53(c).

3. I have read, understand, and will abide by the attached Administrative Plan Governing Special Masters.

4. Attached to my declaration is a true and correct copy of my *curriculum vitae*.

I declare under penalty of perjury that the foregoing is true and accurate.

Date: March 11, 2025

/s/ Alan L. Balaran
Alan L. Balaran, Esq.

# EXHIBIT C

**ALAN L. BALARAN, ESQ.**
1717 PENNSYLVANIA AVENUE, N.W.
SUITE 1025
WASHINGTON, D.C. 20006
TELEPHONE: (202) 466-5019 • FACSIMILE: (202) 986-8477
E-MAIL: abalaran@balaran-law.com

## SPECIAL MASTER/CORPORATE COUNSEL/LITIGATION COUNSEL

Demonstrated experience as a federal special master – investigating claims, resolving discovery disputes, recommending damage awards, administrating funds, ensuring compliance with court orders, and drafting opinions.

### SPECIAL MASTER AND SPECIAL PROSECUTOR APPOINTMENTS                1996 – Present

| | |
|---|---|
| *Heching v. Syrian Arab Republic* | Civil Action Nos. 17-1192, 17-1659 |
| *Hudson v. Islamic Republic of Iran* | Civil Action No. 19-0377 |
| *Henkin v Islamic Republic of Iran* | Civil Action Nos. 19-1184, 18-01273 |
| *Karcher v. Islamic Republic of Iran* | Civil Action No. 16-0232 |
| *Ayres v. Islamic Republic of Iran* | Civil Action No. 18-0265 |
| *Levinson v. Islamic Republic of Iran* | Civil Action No. 17-0511 |
| *Baxter v. Islamic Republic of Iran* | Civil Action No. 17-1910 |
| *Bova v. Islamic Republic of Iran* | Civil Action No. 15-1074 |
| *Ewan v. Islamic Republic of Iran* | Civil Action No. 17-1628 |
| *DiBenedetto v. Islamic Republic of Iran,* | Civil Action No. 16-2429 |
| *John Doe A-1 TO A-49 v. Republic of Korea,* | Civil Action No. 18-0252 |
| *Maupin v. Syrian Arab Republic,* | Civil Action No. 17-1213 |
| *Allan v. Islamic Republic of Iran,* | Civil Action No. 17-0338 |
| *Bova v. Islamic Republic of Iran,* | Civil Action No. 15-1074 |
| *Foley v. Syrian Arab Republic,* | Civil Action No. 11-0699 |
| *Kaplan v. Hezbollah,* | Civil Action No. 10-0483 |
| *Relvas v. Islamic Republic of Iran,* | Civil Action No. 14-1752 |
| *Worley v. Islamic Republic of Iran,* | Civil Action No. 12-2069 |
| *Spencer v. Islamic Republic of Iran,* | Civil Action No. 12-0042 |
| *Brown v. Islamic Republic of Iran,* | Civil Action No. 08-0531 |
| *Anderson v. Islamic Republic of Iran,* | Civil Action No. 08-0535 |
| *Davis v. Islamic Republic of Iran,* | Civil Action No. 07-1302 |
| *Spencer v. Islamic Republic of Iran,* | Civil Action No. 06-0750 |
| *O'Brien v. Islamic Republic of Iran,* | Civil Action No. 06-0696 |
| *Murphy v. Islamic Republic of Iran,* | Civil Action No. 06-0596 |
| *Bland v. Islamic Republic of Iran,* | Civil Action No. 05-2124 |
| *Valore v. Islamic Republic of Iran,* | Civil Action No. 03-1959 |

- ***Special Prosecutor - Navajo Nation,*** **No. WR-SD-01-09**                2010 – 2012

Appointed by the Navajo Nation Special Division of the Window Rock District Court to investigate alleged criminal misconduct and ethical improprieties by senior tribal officials.

- ***Medtronic v. Michelson,*** **Civil Action No. 01-2373**                2003 – 2004

Appointed by the U.S. District Court for the Western District of Tennessee to oversee the production of electronic discovery and to resolve privilege disputes in a multi-state intellectual property litigation. Drafted more than two dozen opinions containing findings and recommendations.

- *Cobell v. Norton*, **Civil Action No. 96-1285**                    **1999 – 2004**

Appointed by the U.S. District Court for the District of Columbia to adjudicate discovery disputes and to ensure compliance with court orders in a case brought by 500,000 Native Americans alleging breach of fiduciary responsibility by the Departments of the Interior and Treasury. Responsibilities included ensuring the security of trust information and investigating allegations of impropriety. Drafted more than 50 reports and opinions containing findings and recommendations.

- *Neal v. District of Columbia*, **Civil Action No. 93-2400**                    **1996 – 2006**

Appointed by the U.S. District Court for the District of Columbia to investigate allegations of sexual harassment and retaliation brought by District of Columbia Department of Corrections employees and to ensure compliance with court orders. Drafted more than 150 reports and opinions containing findings and recommendations. Subsequently retained by the Department of Corrections to serve as Special Inspector to promulgate policies, procedures, controls and training modules.

---

## CORPORATE COUNSEL POSITIONS

- **Eastern Savings Bank** – The largest privately-owned bank in Maryland.
    **Outside Litigation Counsel**                    **2010 – 2016**

Directly responsible for representing bank in disputes concerning the Home Owners Loan Act, the Dodd Frank Act and federal-state preemption issues.

- **BAE Systems/Integrated Systems Solutions** – An international defense contractor.
    **Outside Counsel**                    **2007 – 2010**

Directly responsible for security, statutory, and regulatory compliance.

- **Henry L. Stimson Center** – A non-profit organization researching international peacekeeping efforts.
    **General Counsel**                    **2003 – 2009**

Directly responsible for compliance, risk management and contract negotiations.

- **Sibley Memorial Hospital**
    **Outside Litigation Counsel**                    **2001 – 2012**

Directly responsible for representing hospital in all aspects of employment litigation.

- **Detica Federal, Inc. (formerly DFI International, Inc.)** – British-based defense company providing security consulting services to senior decision-makers in the public and private sectors.
    **General Counsel**                    **1994 – 2007**

Directly responsible for all legal matters including employment training, risk management, and contractual transactions.